# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:15-cr-00001-JRG-RSP |
| | § | |
| LATARIOUS MARTEZ HUGHES | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On April 22, 2025, the undersigned held a final hearing on the Government's petition (#75) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Latarious Martez Hughes, was represented by Jon Hyatt.

Latarious Martez Hughes was sentenced on January 20, 2016, before The Honorable U.S. District Judge Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Bank Robbery by Force or Violence, a Class B felony. This offense carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Latarious Martez Hughes was subsequently sentenced to 72 months of imprisonment to be followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include paying restitution in the amount of $7,476.32; financial disclosure for the purpose of monitoring restitution payments and employment; not incurring any new credit charges or additional lines of credit until financial obligation has been paid in full; substance abuse treatment and testing; and a $100.00 special assessment. On April 8, 2020, Latarious Martez Hughes completed his period of imprisonment and began service of the supervision term.

On January 10, 2025, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory:</u> The defendant shall not commit another federal, state, or local crime. On December 24, 2024, Mr. Hughes committed the offense of Assault Fam/House Member Impede Breath/Circulation- Simple Assault, a third-degree state level felony.

2) <u>Mandatory:</u> The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. On February 5, 2021, Mr. Hughes submitted urine specimen confirmed positive for marijuana (THC). On February 26, 2021, Mr. Hughes submitted a urine specimen confirmed positive for marijuana (THC).

3) <u>Standard:</u> The defendant shall not leave the judicial district without the permission of the Court or probation officer. On April 24, 2023, Mr. Hughes traveled out of the Eastern District of Texas to Brazoria County (Southern District of Texas) without permission from the probation officer. On May 11, 2023, Mr. Hughes traveled out of Eastern District of Texas to Brazoria County (Southern District of Texas) without permission from the probation officer. On May 18, 2023, Mr. Hughes traveled out of the Eastern District of Texas to Brazoria County (Southern District of Texas) without permission from the probation officer.

4) <u>Standard:</u> The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. On January 6, 2025, the probation officer was notified that Mr. Hughes left his approved residence on or about December 24, 2024 without notifying the probation officer.

5) <u>Standard</u>:  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. On April 2, 2021, Mr. Hughes had contact with the Texas Department of Public Safety during a traffic stop and failed to notify the probation officer within seventy-two hours of said contact.

6) <u>Special</u>:  The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation. On March 10, 2021, Mr. Hughes failed to report for drug testing as instructed. On April 2, 2021, Mr. Hughes failed to report for drug testing as instructed.  On April 19, 2021, Mr. Hughes failed to report for drug testing as instructed.

The Court scheduled a revocation hearing for April 22, 2025. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #3 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with no supervised release to follow such term of imprisonment.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**.  Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no supervised release to follow such term of imprisonment.

At the close of the April 22, 2025, revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 24th day of April, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE